UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 03-23-DCR |
| | ) | Civil Action No. 6: 08-7014-DCR |
| V. | ) | |
| | ) | |
| MIRANDA CREECH, a/k/a "BUG" | ) | |
| CREECH, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is pending for consideration of Defendant/Petitioner Miranda Creech's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Record No. 110] Consistent with local practice, the motion was referred to United States Magistrate Judge Robert E. Wier for consideration pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Wier filed his Recommended Disposition on November 8, 2010. [Record No. 136] Based on his review of the record and the applicable law, the magistrate judge recommended that Creech's motion be denied. Neither party has filed objections within the time permitted.

Although this Court must make a *de novo* determination of those portions of the magistrate judge's recommendations to which objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file

-1-

objections to a magistrate judge's proposed findings of fact and recommendation waives the right to appeal. *See id.* at 147–48; *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court is in agreement with the Recommended Disposition.

Petitioner Creech was indicted on thirteen federal charges on April 24, 2003. The matter proceeded to trial on December 9, 2003. During the three-day trial, the United States called twenty-nine witnesses. Although Creech's attorney cross-examined the government witnesses, he did not call any defense witnesses. Further, during closing arguments, Creech's counsel conceded that the Defendant committed the majority of crimes charged in the indictment. Due to the weight of the evidence, counsel's trial strategy was to seek an acquittal on the more serious offenses. Unfortunately for Creech, the jury convicted him on all counts. Following direct appeal and re-sentencing, Creech was sentenced to life imprisonment, plus 660 months.

Creech's habeas petition asserts various theories that his trial, appellate, and sentencing counsel were ineffective. After reviewing the record, the Magistrate Judge determined that an evidentiary hearing was necessary to resolve a number of conflicting claims. Creech was appointed counsel to assist him in that hearing which was held on May 15, 2009.

After reviewing the relevant testimony presented during the May 15th hearing, Magistrate Judge Wier rejected all of Creech's arguments of ineffective assistance of counsel. With respect to Creech's argument that his trial counsel did not adequately discuss the potential penalties he faced, Magistrate Judge Wier found that Creech's testimony was inconsistent and disproved by the record. Further, his attorney engaged in plea discussions with the Assistant United States

Attorney and reasonably advised him to go to trial. According to Creech's attorney's testimony, any plea would have included guilty pleas to specific counts that carried, at a minimum, a sentence of at least 65 years of imprisonment. The magistrate judge also correctly rejected Creech's assertion that he lacked knowledge of and did not consent to the trial strategy of defending some charges while conceding guilt to others.

Likewise, the Petitioner's trial counsel was not ineffective for not calling witnesses to testify in support of Creech's position. In summary, there were simply no witnesses to call. And Creech's claim that he was not competent at relevant times is not supported by the record. Finally, the magistrate judge properly concluded that Creech procedurally defaulted his claim of improper sentencing by failing to raise the issue during his direct appeal. The Court also notes that, with regard to this final claim, Creech's assertion that the jury did not return a guilty verdict on all counts is simply specious. Neither Creech's trial counsel, appellate counsel, nor counsel appointed to represent Creech during the re-sentencing hearing were ineffective. Accordingly, it is hereby

**ORDERED** as follows:

1. The magistrate judge's Recommended Disposition [Record No. 136] is **ADOPTED** and **INCORPORATED** by reference.

2. Petitioner Creech's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Record No. 110] is **DENIED**.

3. A Certificate of Appealability shall not issue because Creech has not made a substantial showing of the denial of any substantive constitutional right.

4. This habeas proceeding shall be **DISMISSED** and **STRICKEN** from the docket.

This 29th day of November, 2010.



Signed By:
*Danny C. Reeves* DCR
United States District Judge