UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff/Respondent, | ) | Criminal Action No. 6: 03-23-DCR |
| | ) | Civil Action No. 6: 08-7014-DCR |
| V. | ) | |
| | ) | |
| MIRANDA CREECH, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant/Petitioner. | ) | |

\*\*\*  \*\*\*  \*\*\*  \*\*\*

This matter is before the Court for consideration of Defendant/Petitioner Miranda Creech's objections to the recommended disposition of the Magistrate Judge. [Record No. 141] For the reasons discussed herein, Creech's objections will be overruled.

**I.**

On November 8, 2010, Magistrate Judge Robert E. Wier issued a Recommended Disposition advising that Creech's § 2255 motion should be denied. [Record No. 136] Creech was given fourteen days to file specific written objections to any or all findings or recommendations. [*Id.*] Creech did not file objections within the provided time frame. On November 29, 2010, after a *de novo* review of the record and conclusions of the Magistrate Judge, the Court entered a Memorandum Opinion and Order and a Judgment. [Record Nos. 137, 138] The Court adopted the Magistrate Judge's recommended disposition, denied Creech's § 2255 motion, and dismissed the case. [Record No. 137] Then, on December 2, 2010, Creech filed a motion for an extension of time to file objections and his objections. [Record Nos. 139,

141] The Court granted Creech's motion for an extension of time [Record No. 140], and will now consider those objections.

## II.

Creech makes seven objections to the Magistrate Judge's Recommended Disposition. He argues that: (1) an incarcerated pre-trial detainee cannot provide meaningful trial assistance and, therefore, cannot be "blamed" for counsel's mistakes; (2) the penalty sheet attached to his indictment did not provide notice of the maximum sentence; (3) his trial counsel inappropriately conceded guilt on certain counts to the jury without his consent; (4) he was denied a meaningful appeal when trial counsel did not recognize the trial transcripts were incomplete; (5) the incomplete transcript itself is a basis for relief; (6) his trial counsel was ineffective; and (7) he was only convicted on the first three counts of the indictment. These objections can be boiled down to three issues. First, Creech asserts re-stylized arguments concerning the effectiveness of counsel (Objections 1, 3 and 6). Second, Creech contends he was not aware of the maximum sentence (Objection 2). And finally, Creech attempts to attach significance to a missing portion of his trial transcript (Objections 4, 5 and 7). The Court will address each of these issues in turn.

### A. Procedural Bar

As a preliminary matter, Creech is procedurally barred from raising new issues in his objections that were not raised in his original petition. *Murr v. United States*, 200 F.3d 895, 902 n. 1 (6th Cir. 2000) (holding that a party is not permitted to raise a new argument, for the first time, in objections to a Report and Recommendation and that failure to raise the argument before the Magistrate Judge constitutes waiver of the same); *Marr v. Foy*, No. 1:07-908, 2010 U.S. Dist.

LEXIS 77925, at *10 (W.D. Mich. Jan.4, 2010) ("It is well established that a party may not raise an argument, advance a theory, or marshal evidence before a District Judge that was not fairly presented to the Magistrate Judge."). The Magistrates Act was not intended "to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court." *Greenhow v. United States*, 863 F.2d 633, 638–39 (9th Cir. 1988), *rev'd on other grounds sub nom. United States v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).

Two of Creech's arguments are new at this procedural stage: (1) his contentions regarding pre-trial detention[1] (Objection 1) and; (2) his argument concerning the notice of his maximum sentence provided by the penalty sheet attached to his indictment (Objection 2). Neither of these issues were raised in his original § 2255 motion [*See* Record No. 110]. As a result, neither was addressed in the Magistrate Judge's Recommended Disposition. [*See* Record No. 136] Consequently, neither argument need be addressed at this stage because they have been waived. *See Murr*, 200 F.3d 902 n.1.

### B. Effective Assistance of Counsel

The majority of Creech's objections center on the effective assistance of his trial and appellate counsel — matters which the Magistrate Judge addressed in full. However, the Court will now review each of those findings *de novo*.

Ineffective-assistance-of-counsel claims are analyzed under the now-familiar two-part test that the Supreme Court established in *Strickland v. Washington*, 466 U.S. 668 (1984). "First,

---

1   To the extent Objection 1 raises due-process issues which result from pre-trial detention, that argument is waived because it was not raised in Creech's original petition. To the extent his pre-trial detention is interwoven with his ineffective-assistance claims, that argument "relates back" to his original petition and will be discussed below. *See infra* Section 2(A).

the defendant must show that counsel's performance was deficient." *Id.* at 687. "Second, the defendant must show that the deficient performance prejudiced the defense." *Id.*

### 1.     Pre-trial investigation (Objection 1)

Creech first argues that his counsel was ineffective in pre-trial investigation and that the Magistrate Judge "blamed" him for errors which he was unable to correct because he was incarcerated. However, the standard of review for ineffective assistance places the burden squarely on the individual asserting error to show "actual prejudice." *United States v. Namer*, 149 F. App'x 385, 393 (6th Cir. 2005). In other words, Creech has the burden of proving that additional investigation would have discovered another witness or added some substance to the defense. *Id.* (citing *United States v. Crossley*, 224 F.3d 847, 854–55 (6th Cir. 2000)). Therefore, despite Creech's assertions that he cannot be "blamed" for failing to discover witnesses or evidence, that is his legal burden: he must affirmatively present some witness or evidence that was missed or overlooked. Unsubstantiated claims that facts or witnesses were not properly investigated is not sufficient to meet the standard of "actual prejudice."

The Magistrate Judge found – and this Court agrees – that Creech "does not specifically address any relevant information or potential witnesses that trial counsel failed to uncover." [Record No. 136, p. 18] At best, Creech asserts that trial counsel failed to investigate or seek an evaluation of Creech's mental status and whether he was competent to stand trial. However, Creech admits that his attorney was "made aware of petitioner's mental problems." [Record No. 141, p. 4] Creech's counsel, then, was aware of any facts necessary to form a strategy on the issue. Creech's bare assertion does not show "actual prejudice" — it does not identify any facts


-4-

or witnesses that were missed by trial counsel. Therefore, Creech falls well short of meeting the standard for showing ineffective assistance by failing to investigate pre-trial.

## 2. Trial Strategy (Objection 3)

Creech's principal objection to the effectiveness of his counsel is that trial counsel — James Hibbard — conceded guilt on certain counts during closing arguments. To begin, the United States Supreme Court has noted that, when assessing trial strategy, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689. Numerous courts have held that a concession of guilt on some counts of a multi-count indictment can constitute a reasonable trial strategy. *See United States v. Thomas*, 417 F.3d 1053, 1058 (9th Cir. 2005) ("[I]n some cases a trial attorney may find it advantageous to his client's interests to concede certain elements of an offense or his guilt on one of several charges." (internal citations omitted)); *United States v. Holman*, 314 F.3d 837, 839 n.1, 840–41 (7th Cir. 2002) ("[C]onceding guilt on one count of a multi-count indictment to bolster the case for innocence on the remaining counts is a valid trial strategy which, by itself, does not rise to the level of deficient performance."); *Farrington v. Senkowski*, 214 F.3d 237, 244 (2d Cir. 2000) (finding no *Strickland* violation where defense counsel conceded defendant's guilt on attempted larceny charge in an effort "to persuade the jury to acquit on the more serious charge"); *Young v. Catoe*, 205 F.3d 750, 759 (4th Cir. 2000) ("[C]ounsel's concession of a client's guilt does not automatically constitute deficient performance."). However, other courts have added the requirement that when the concession is so far-reaching as to amount to a guilty plea, the attorney must obtain the defendant's consent

before making that decision. *See, e.g., Valenzuela v. United States*, 217 F. App'x 486, 490 (6th Cir. 2007).

In this case, the strategy Creech's counsel chose to pursue was both reasonable and with consent. First, in light of the "overwhelming" weight of the evidence against Creech, a "last ditch" trial strategy was not unreasonable. [Record No. 136, p. 17] As the Seventh Circuit explained, "[c]onceding an indefensible charge is thought to build credibility with a jury by acknowledging the overwhelming evidence of guilt for that particular charge, creating goodwill and trust that can be applied towards arguments attacking the remaining charges." *Holman*, 314 F.3d at 840. That is precisely what Creech's counsel attempted to do. [*See* Record No. 136, p. 8 (quoting Hibbard as testifying that "it was my opinion then, and it still is, that that strategy increases your credibility on the counts to which you are defending")] As the Fourth Circuit put it, "there is a distinction which can and must be drawn between . . . a tactical retreat . . . and a complete surrender." *Clozza v. Murray*, 913 F.2d 1092, 1099 (4th Cir. 1990). In this case, Creech's counsel retreated, but did not surrender. He attempted to earn credibility by admitting guilt on the strongest-supported charges (and, consequently, the charges with the smaller penalties), while contesting the charges he felt he could credibly challenge (those carrying more severe penalty ranges). [Record No. 136, p. 7–8] Under the circumstances, that strategy was reasonable.

Further, the Magistrate Judge found as a factual matter that Creech consented to the strategy. [Record No. 136, pp. 7–8, 16–18] The record supports this finding. Creech did not object to this strategy at trial, before sentencing, or on appeal. He was otherwise actively

involved in these stages of his proceeding. Hibbard testified that he discussed the strategy with Creech, and that Creech did not complain or contest the strategy. [Record No. 136, p. 7] Given the circumstances, the trial strategy Hibbard employed was reasonable. Further, it was pursued with the defendant's consent. Therefore, Creech has not met his burden of showing that trial counsel was "deficient" under the first prong of *Strickland*.

### 3. General Effectiveness of Trial Counsel (Objection 6)

Finally, Creech alleges that his trial counsel failed to file defense motions or engage in plea negotiations. [Record No. 141, p. 8] Both assertions are without merit. The Magistrate Judge found that Hibbard did engage in plea negotiations. [Record No. 136, p. 18] Based on the charges, the United States demanded, at minimum, a guilty plea to three counts that, by statute, carried consecutive minimum sentences totaling 65 years. [Record No.. 136, p.8–9] Hibbard explained that Creech had already rejected a 65 year sentence. [*Id.*] With such high statutory minimums, there was no value to a plea agreement or acceptance of responsibility credit. Therefore, Creech was not prejudiced by his attorney's conduct during plea negotiations.

Additionally, Creech was not prejudiced by any failure to sever Count 13 (i.e., the felon-in-possession charge). First, counsel stipulated to the underlying conviction, which mitigates any prejudice it may have caused. *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995). The stipulation did not mention the name of the crime, only that it was a felony which prevented Creech from possessing a firearm. [Record No. 54] Further, "where the district court issues a proper curative instruction, [the Court] presume[s] that a conscientious jury will only use the proof of the prior conviction to satisfy the element of the crime." *United States v. Gilliam*, 994

F.2d 97, 100 (2d Cir. 1993). Here, the Court provided such an instruction. [Record No. 55, p. 31] In light of the adequate safeguards in place, any strategic decision on joinder was not prejudicial. Creech's argument concerning Hibbard's failure to file motions does not satisfy the second prong of *Strickland*.

    **C. Convictions on Counts Four through Thirteen and the Incomplete Transcript (Objections 4, 5 and 7)**

The crux of Creech's argument regarding this issue involves reliance on an incomplete portion of the transcript in support of his belief that he was only convicted on three counts, rather than thirteen. Creech claims that an incomplete appellate record is a basis for relief (Objection 5); that he was only actually convicted on three counts of the indictment (Objection 7); and that appellate counsel's failure to recognize the missing portion is a basis for finding inadequate assistance of appellate counsel (Objection 4).

An examination of the trial transcript shows that a portion of the proceedings were omitted. [Record No. 139, ex. 10, p. 29] As the Clerk was reading the jury verdict, halfway through the reading of the verdict on Count 3, the record stops. [*Id.*] Two hyphens are inserted, and then the record begins again with the Clerk announcing that the verdict was signed by the foreperson. [*Id.*] The hyphens clearly indicate an omission. First, it is obvious that the Clerk would not have read *only* two and a half counts of a thirteen count indictment. It is equally obvious that the lawyers and the defendant would not have left the courtroom without hearing the verdict on those counts. Further, the transcript indicates that, after the Clerk noted that the foreperson had signed the verdict form, the Court referred the Clerk *back* to Count 3, indicating that she "may have misspoken on the amount." [*Id.*] This statement confirms that a portion of

the record is missing, because the portion of the record filed does not indicate the Clerk read an amount for Count 3. If the record were complete as it is, the Court would have been asking the Clerk to correct a statement *she never made*. Such an argument strains logic. Rather, it is apparent that a portion of the trial transcript — the portion where the Clerk read the jury's verdict on Counts 3 through 13 — was omitted. However, the Court is not left to guess what the verdict was on those counts. The Special Verdict Form [Record No. 57] unequivocally shows that Creech was convicted on all thirteen counts.

The fact that the trial transcript is missing a portion is not an "error of constitutional magnitude." *Weinberger v. United States*, 268 F.3d 346, 351 (6th Cir. 2001). First, the requirement that a trial be transcribed is not a constitutional requirement; it comes from the Court Reporters Act, 28 U.S.C. § 753. The statute states in part

> (b) One of the reporters appointed for each such court shall attend at each session of the court . . . and *shall record verbatim* by shorthand or by mechanical means which may be augmented by electronic sound recording subject to regulations promulgated by the Judicial Conference: (1) *all proceedings in criminal cases had in open court* . . . .

28 U.S.C. § 753(b) (emphasis added). While compliance with the statute is a "duty of the court," *United States v. Garner*, 581 F.2d 481 (5th Cir. 1978), the failure to record a portion of the trial, without more, "though error, 'is an error which is neither jurisdictional nor constitutional. It is not a fundamental defect which inherently results in a complete miscarriage of justice.'" *Brown v. United States*, 314 F.2d 293, 295 n.1 (9th Cir. 1963) (quoting *Hill v. United States*, 386 U.S. 424, 428 (1962)). Failure to record a small portion of the proceeding "therefore would not, of itself, require the granting of collateral relief." *Id.* The omission in the trial transcript, without

more, does not constitute constitutional error and is insufficient to support Creech's request for § 2255 relief.

Further, omitting a portion of the transcript may not be error at all. *See United States v. Gallo*, 763 F.2d 1504, 1530 (6th Cir. 1985) ("A violation of the recording mandate, however, is not *per se* error, and thus without more does not require reversal."). According to the Sixth Circuit, for an omission in the record to constitute error, the defendant must show actual hardship or prejudice. *Id.* at 1531. In this case, Creech has shown neither. Review of the verdict form reveals the substance of the missing portion of the record: Creech was convicted on all thirteen counts. Creech suffered no prejudice or hardship because the substance of the missing portion was easily discoverable. Therefore, the omission does not constitute error, let alone an error of constitutional magnitude.

However, Creech maintains that he was actually not convicted on Counts 4 through 13. He contends that "oral pronouncements prevail over later written versions of the same." [Record No. 141, p. 9] The case Creech cites as authority for this point, *United States v. Murphy*, 329 F. App'x 653 (7th Cir. 2009), is inapplicable. In *Murphy*, the Court held that when a written judgment contained an error, the sentencing court could, under Rule 36 of the Federal Rules of Criminal Procedure, correct the error *sua sponte*. *Id.* at 655. The court explained that "an *unambiguous* pronouncement *from the bench* controls over a conflicting written judgment." *Id.* (emphasis added). Where Creech is contesting the clerk's reading of the jury verdict, not a pronouncement from the bench, *Murphy's* holding is inapplicable.

Finally, Creech attempts to argue that his appellate counsel — Michael Stangel — was ineffective because he failed to notice that portions of the transcript were missing. In fact, Creech contends that, at the time of appeal, the entire transcript of the fourth day of trial was missing. [Record No. 141, p. 6] Creech contends that appellate counsel's failure to discover the omission indicates he was far below the norms of his profession. However, the Court finds that whether appellate counsel recognized the transcript was incomplete is without consequence, because the missing transcript did not prejudice the defense. Because the omitted transcript would not have constituted reversible error, appellant counsel's failure to recognize the omission was not prejudicial. Consequently, Creech's argument that appellate counsel was ineffective fails the second prong of the *Strickland* test.

### III.

In conclusion, Creech has failed to meet his burden for § 2255 relief. His counsel made reasonable decisions in light of the circumstances. He has additionally shown no other error of constitutional magnitude. Accordingly, it is hereby

**ORDERED** that Petitioner/Defendant Miranda Creech's Objections to the Magistrate Judge's Recommended Disposition [Record No. 141] are **OVERRULED**.

It is further **ORDERED** that Creech's motion to vacate [Record No. 142] is **DENIED**. In addition to the findings and conclusions outlined herein, the Court adopts and incorporates by reference the findings and conclusions contained in the Memorandum Opinion and Order filed herein on November 29, 2010 [Record No. 137].

This 26th day of January, 2011.



Signed By:
*Danny C. Reeves* DCR
United States District Judge